**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**Houston Division**

United States Courts
Southern District of Texas
**FILED**

DEC 03 2021

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| MBI SERVICES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Respondent. | ) |
| | ) |

**Case No. 21-mc-XXXXX**

*In re MBI Servs., LLC v. Apex Distrib. LLC et al.*, 21-cv-20975 (S.D. Fla.)

## MBI SERVICES, LLC'S MOTION TO COMPEL WELLS FARGO BANK, N.A. TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA

Pursuant to Fed. R. Civ. P. 45, MBI Services, LLC ("MBI"), through undersigned counsel, moves to compel Wells Fargo Bank, N.A. ("Wells Fargo") to produce documents responsive to the subpoena issued to it on September 22, 2021 (the "Subpoena").[1] MBI served the Subpoena on Wells Fargo in connection with a matter pending in the U.S. District Court for the Southern District of Florida, captioned *MBI Servs., LLC v. Apex Distrib. LLC et al.*, 21-cv-20975 (S.D. Fla.) (the "Underlying Action"). The Subpoena seeks documents plainly relevant to the Underlying Action, which stems from a fraudulent scheme to induce MBI to enter into an agreement and deliver to the defendants a significant amount of money, part of which ended up in Wells Fargo's hands.

## BACKGROUND

### I.     The Underlying Action

In December 2020, MBI's principals were introduced to Hector Alvarez ("Alvarez"), from Apex Distribution LLC ("Apex"), for the purpose of engaging in a joint venture involving purchase and sale of personal protective equipment ("PPE"). Alvarez proposed that in exchange for placing

---

[1] A copy of the Subpoena is attached hereto as **Exhibit 1**.

$2,000,000 (the "Funds") with Apex, Apex would pay $0.05 per box of PPE imported for sale to Apex's government clients. Alvarez represented that Apex was ready to import five million boxes of PPE per week and that MBI's share of the profits would be $250,000 per week.

On January 14, 2021, Apex's attorney, David K. Tillman ("Tillman"), sent the proposed agreement to MBI. On January 18, 2021, MBI and Apex executed a Joint Venture Agreement (the "JVA") for the purpose of importing and selling PPE. Under the JVA, the Funds were to be used only for shipping costs, product inspection, customs charges, product shipment insurance and payment of letters of credit to facilitate release of product by the manufacturer.

On January 20, 2021, MBI deposited the Funds in the Tillman & Tillman PLLC client trust account. Almost immediately, Apex failed to perform under the JVA as required. Apex and its agents misrepresented to MBI the status of shipments. Moreover, MBI discovered that a similar scheme involving some of the defendants in the Underlying Action was the subject of a pending lawsuit in Texas.[2] Upon this discovery, MBI contacted Tillman to inquire as to the location of the Funds. Tillman stated that the Funds were delivered to Jan Laurence "J.L." Sadick ("Sadick"). Indeed, MBI later learned through discovery in the Underlying Action that on January 21, 2021, Tillman wired part of the Funds ($1,980,000) to Sadick. More precisely, the money was deposited into the J.L. Sadick PC (Escrow) Account, a Wells Fargo account.

On February 10, 2021, MBI declared a default under the JVA. Pursuant to the JVA, MBI demanded the return of the Funds. Additionally, because of the lack of transparency and failure to account for the use and location of the Funds, MBI demanded an accounting from all defendants in the Underlying Action. However, MBI's demands went unheeded and the current whereabouts of part of the Funds is still a mystery. Based on the foregoing facts, on March 11, 2021, MBI filed

---

[2] *Gericare Med. Supply, Inc. v. Sadick et al.*, 20-cv-02425 (S.D. Tex.).

a Complaint in the U.S. District Court for the Southern District of Florida against nine defendants, seeking damages and equitable relief.

## II.    The Subpoena

MBI's quest to discover the fate of the Funds began with Tillman. As mentioned above, on January 20, 2021, MBI wired the Funds to the Tillman & Tillman PLLC trust account, maintained by Comerica Bank in Detroit, Michigan. On May 26, 2021, counsel for MBI issued a subpoena to Comerica Bank to attend a deposition by written questions on June 16, 2021, and to produce certain documents related to receipt and disbursement of the Funds. Tillman first objected to the subpoena, but later agreed to produce responsive documents subject to entry of a Confidentiality Order. These documents revealed that on January 21, 2021, Tillman had wired $1,980,000 to the J.L. Sadick PC (Escrow) Account, maintained by Wells Fargo in Houston, Texas.

On September 22, 2021, counsel for MBI issued the Subpoena to Wells Fargo commanding production of certain documents, including records showing the disbursement of any part of the Funds to the defendants in the Underlying Action or any other third party. *See* **Ex. 1**. The Subpoena was served on Wells Fargo on September 30, 2021. Thus, Wells Fargo had until October 14, 2021, to object to the Subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B). The Subpoena's date for compliance was October 25, 2021, which gave Wells Fargo over three weeks to produce responsive documents or file a motion to quash or for protective order. *See* Fed. R. Civ. P. 45(d)(3).

On October 4, 2021, Isabel F. Bucaram ("Isabel"), a Wells Fargo agent, contacted counsel for MBI and asked for additional information in order to locate responsive documents, which was provided to her. On October 8, 2021, Isabel again contacted counsel for MBI and stated that they had requested production of solicited documents, that they were waiting for the information to get back to them, that they would then review it, and that MBI would receive documents on October

3

25, 2021. Around October 13, 2021, however, counsel for MBI received two letters from Wells Fargo dated October 5, 2021, that seemingly contradicted each other.[3] In one letter, Wells Fargo states that "the Bank's response will be available online as Portable Document Files (PDFs) by 10/25/2021." **Ex. 2**, p.1. In the other letter, Wells Fargo "object[s] to having to produce, inspect, and copy these documents because the scope of the subpoena is overly broad and imposes an undue burden on Wells Fargo." *Id.*, p.2. Moreover, Wells Fargo claims "these documents may contain confidential and/or proprietary information." *Id.*

On October 28, 2021, three days after the date for compliance specified in the Subpoena, Wells Fargo produced a single one-page document, a wire transaction report showing Sadick's receipt of $1,980,000 on January 21, 2021. Despite their relevance in the Underlying Action, Wells Fargo did not produce any documents showing the disbursement of any part of the Funds. At the same time, Wells Fargo never moved to quash the Subpoena or for a protective order.

## **LEGAL STANDARD**

Pursuant to Rule 45, a party may subpoena a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "The scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26." *Garcia v. Pro. Cont. Servs., Inc.*, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017). Thus, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If objection is made to a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

---

[3] A copy of the Letters is attached hereto as **Exhibit 2**.

## ARGUMENT

### I.  Wells Fargo's Objections to the Subpoena Are Legally Insufficient.

Wells Fargo has asserted blanket objections that the requests in the Subpoena are overly broad and unduly burdensome and that the requested documents "may contain confidential and/or proprietary information." **Ex. 2**, p.2. However, a non-party's objections to requests in a subpoena are "subject to the same prohibition on general or boiler-plate or unsupported objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018).

### a.  Overbreadth and Undue Burden.

Regarding the objection that MBI's requests are overbroad and unduly burdensome, Wells Fargo does not provide any evidence that would support this contention, nor does it offer any explanation as to why MBI's requests are supposedly overly broad or impose an undue burden on Wells Fargo. It is well established that a non-party objecting to a subpoena based on undue burden "has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The non-party opposing discovery "must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015). Here, it is clear that Wells Fargo has not satisfied this burden.

In any case, to determine whether a subpoena is unduly burdensome, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden

imposed." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 706 (N.D. Tex. 2017). Additionally, "if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*

As mentioned above, MBI discovered that part of the Funds was deposited in a Wells Fargo account belonging to Sadick. The Subpoena seeks documents showing distributions, either via wire transfer or check, to the defendants in the Underlying Action or to other third parties. **Ex. 1,** ¶¶ 2-16. The Subpoena also asks for "documents showing the current balance of the Sadick Account," in order to ascertain what part of the Funds Sadick kept in the Wells Fargo account. *Id.*, ¶ 17. All requests in the Subpoena are relevant to MBI's claims in the Underlying Action. The heart of the Underlying Action is the misappropriation of the Funds. Undoubtedly, the current location of the Funds (i.e., who is in possession of the Funds) is particularly relevant to MBI's claims.

There is also no question that MBI's need for the documents requested is high, especially considering that only Wells Fargo has possession, custody, or control of several of the requested documents. Without these documents, MBI may never know the fate of the entirety of the Funds. The breadth of the document requests is, as a whole, narrow. The Subpoena seeks documents from one single account and most requests are directed to transactions involving specific individuals. Moreover, the time period covered by the requests is also narrow, from January 2021 to the present (eleven months).

In its Subpoena, MBI describes the requested documents with great particularity. In fact, there is little if any ambiguity as to what documents would be responsive to the requests. In most cases, these would be wire transaction reports or copies of cancelled checks. Finally, the requests should not impose an undue burden on Wells Fargo, since the documents requests are of the type regularly kept by Wells Fargo in the transaction of its business. For this same reason, compliance

with the Subpoena should not result in a significant expense or inconvenience to Wells Fargo. Thus, considering the factors outlined above, it is clear that the Subpoena is not overly broad or unduly burdensome. The Court should therefore overrule this legally insufficient objection and order Wells Fargo to produce documents withheld on this basis.

### b. Privilege

Wells Fargo also objected to production claiming the requested documents "may contain confidential and/or proprietary information." **Ex. 2**, p.2. However, Wells Fargo failed to comply with Rule 45, which requires a non-party withholding information under a privilege claim to "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). A privilege log is necessary "to provide a party whose discovery is constrained by a claim of privilege or work product protection with information sufficient to evaluate such a claim and to resist if it seems unjustified." *Williams v. City of Dallas*, 178 F.R.D. 103, 115 (N.D. Tex. 1998).

Indeed, a privilege claim may be waived "when a party fails to state a privilege objection in the 'privilege log' as required under Federal Rule of Civil Procedure 26(b)(5)."[4] *Nance v. Thompson Med. Co.*, 173 F.R.D. 178, 182 (E.D. Tex. 1997); *see also Rogge v. Bandera Falls Prop. Owner's Ass'n*, 2009 WL 10713559, at *3 (W.D. Tex. Aug. 11, 2009) ("Failure to provide a privilege log waives this privilege."); *Climb Tech, LLC v. Verble*, 2008 WL 11334947, at *3 (W.D. Tex. Nov. 12, 2008) ("Failure to include a document on a privilege log may result in a waiver of

---

[4] "Federal Rule of Civil Procedure 45(e)(2) governs a non-party's withholding of information on the grounds of privilege or work-product protections and is substantively identical to Federal Rule of Civil Procedure 26(b)(5)'s requirements as to a responding party." *Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 593 (N.D. Tex. 2017).

the privilege."). Because Wells Fargo has failed to provide a privilege log as required by Fed. R. Civ. P. 45(e)(2), any objections it may have had to the Subpoena based on a claim of privilege have been waived. The Court should therefore overrule this legally insufficient objection and order Wells Fargo to produce documents withheld on this basis.

## CONCLUSION

For the foregoing reasons, MBI Services, LLC requests that the Court enter an Order compelling Wells Fargo Bank, N.A. to produce documents responsive to the Subpoena and grant any and all other relief that this Court deems just, proper, and equitable.

Dated: November 15, 2021

Respectfully submitted,

By: */s/Eduardo A. Maura*
   Eduardo A. Maura, Esq.
   eduardo@ayalalawpa.com
   Florida Bar No. 91303
   **Ayala Law, P.A.**
   2490 Coral Way, Ste 401
   Miami, FL 33145
   Telephone: (305)-570-2208
   Facsimile: (305) 503-7206

*Counsel for Plaintiff MBI Services, LLC*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | | |
|---|---|---|
| MBI Services, LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:21-cv-20975-BB |
| Apex Distribution LLC et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                         Wells Fargo Bank, N.A.
            1000 Louisiana St Tunnel Level, Houston, TX 77002
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See addendum  ("Documents Requested")

| Place: Ayala Law, P.A. | Date and Time: |
|---|---|
| 2490 Coral Way, Ste 401 | |
| Miami, FL 33145 | 10/25/2021 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/22/2021

*CLERK OF COURT*

                                    OR

_____                    _____
     *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
MBI Services, LLC                                       , who issues or requests this subpoena, are:
Eduardo A. Maura; 2490 Coral Way, Ste 401, Miami, FL 33145; eduardo@ayalalawpa.com; 305-570-2208

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

**1**

SUPRVJUSTICE.COM

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:21-cv-20975-BB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20975-BLOOM/Otazo-Reyes**

MBI SERVICES, LLC,

     Plaintiff,

v.

APEX DISTRIBUTION LLC et al.,

     Defendants.

_____/

## DOCUMENTS REQUESTED

**YOU ARE COMMANDED** to produce for inspection and copying the following items at Ayala Law, P.A., 2490 Coral Way, Ste 401, Miami, Florida 33145, on October 25, 2021, at 10:00 a.m. You may send the items by U.S. mail or other delivery method (including email) to arrive at the offices of Ayala Law, P.A. on or before October 25, 2021.

1. All documents showing the receipt of a wire transfer for one million nine-hundred and eighty thousand dollars ($1,980,000) in the J.L. Sadick PC (Escrow) Account, Account No. x-8631 (the "Sadick Account"), on or around January 21, 2021.

2. Any and all documents showing wire transfers, distribution, or payment of any portion of the $1,980,000 received on or around January 21, 2021, to any third parties for any reason whatsoever.

3. Any documents showing wire transfers from the Sadick Account to Apex Distribution LLC from January 2021 to the present.

4. Any checks made out to Apex Distribution LLC from the Sadick Account from January 2021 to the present.

5. Any documents showing wire transfers from the Sadick Account to Hector Alvarez from January 2021 to the present.

6. Any checks made out to Hector Alvarez from the Sadick Account from January 2021 to the present.

7. Any documents showing wire transfers from the Sadick Account to Gregory A. Jones from January 2021 to the present.

1

8. Any checks made out to Gregory A. Jones from the Sadick Account from January 2021 to the present.

9. Any documents showing wire transfers from the Sadick Account to Imitari Corporation from January 2021 to the present.

10. Any checks made out to Imitari Corporation from the Sadick Account from January 2021 to the present.

11. Any documents showing wire transfers from the Sadick Account to Terry Barnes from January 2021 to the present.

12. Any checks made out to Terry Barnes from the Sadick Account from January 2021 to the present.

13. Any documents showing wire transfers from the Sadick Account to David K. Tillman from January 2021 to the present.

14. Any checks made out to David K. Tillman from the Sadick Account from January 2021 to the present.

15. Any documents showing wire transfers from the Sadick Account to Tillman & Tillman PLLC from January 2021 to the present.

16. Any checks made out to Tillman & Tillman PLLC from the Sadick Account from January 2021 to the present.

17. Any documents showing the current balance of the Sadick Account.

Dated: September 22, 2021

Respectfully submitted,

By: */s/Eduardo A. Maura*
    Eduardo A. Maura, Esq.
    eduardo@ayalalawpa.com
    Florida Bar No. 91303
    Luis F. Quesada, Esq.
    lquesada@ayalalawpa.com
    Florida Bar No. 1010305
    **Ayala Law, P.A.**
    2490 Coral Way, Ste 401
    Miami, FL 33145
    Telephone: (305)-570-2208
    Facsimile: (305) 503-7206

*Counsel for Plaintiff MBI Services, LLC*

2



**WELLS FARGO**

Summons and Subpoenas Department
PO Box 1415 MAC #D1111-016
Charlotte, NC 28201
Voice: (480) 724-2000

October 05, 2021

Eduardo A. Maura
2490 Coral Way
Suite 401
Miami, FL 33145

Subject: Receipt of your legal order

Case name: MBI Services, LLC vs. Apex Distribution LLC et al
*Agency reference number:* 121CV 20975 BB
Bank reference number: 25738705

Dear Eduardo A. Maura:
We want to let you know that the Bank's response will be available online as Portable Document Files (PDFs) by 10/25/2021. Please review the information below about accessing them.

**How to access your documents**
- We will send you an email when the Bank's response is available on our secure website via the email address you provided, which is: eduardo@ayalalawpa.com.
  - If this address is not correct, please send an email to LOPSummonsSubpoenaElectronicDeliveryNC@wellsfargo.com and use the reference number above as your subject line. We will use your message only to validate your email address, and will not respond to it.
- First time users are required to follow the registration process documented on this site to create their user name and password.
- If you have registered previously you will use the same user id and password that was selected during initial registration. Passwords can be reset by following password reset steps documented on the site.

**Special requests**
- Certain items, such as large requests, can take longer to produce. If our research finds that your legal order falls under this category, we will let you know.
- Basic wire information and funds transfer information are reflected on account statements. If you need more detailed information about these types of transactions, please contact us.

If you have questions, please call us at (480) 724-2000, Monday – Friday, 8:00 a.m. to 8:00 p.m. Eastern Time.

Sincerely,

*Steve Gilbert*

Steve Gilbert
Operations Manager
Summons and Subpoenas Department



**EXHIBIT**

2



Summons and Subpoenas Department
PO Box 1415 MAC #D1111-016
Charlotte, NC 28201
Voice: (480) 724-2000

October 05, 2021

Ayala Law P.A.
Eduardo A. Maura
2490 Coral Way
Suite 401
Miami, FL 33145

Subject:  Response to Federal Civil Subpoena

Case name:  MBI Services, LLC vs. Apex Distribution LLC et al
Agency reference name:  121CV 20975 BB
Bank reference number:  25738705

Dear  Eduardo A. Maura

We received your subpoena on 09/30/2021  We object to having to produce, inspect, and copy these documents because the scope of the subpoena is overly broad and imposes an undue burden on Wells Fargo.  Additionally, these documents may contain confidential and/or proprietary information.

What you need to know

- Although we are unable to provide the records, we are willing to discuss a mutually acceptable alternative.

- As allowed in the Federal Rules of Civil Procedure, Wells Fargo exercises our right to be reimbursed if we incur any costs in this process.

If you have questions or wish to discuss an alternative, please call us at (480) 724-2000 , Monday -- Friday, 8:00 a.m. to 8:00 p.m. Eastern Time .

Thank you.

Sincerely,

*Steve Gilbert*

Steve Gilbert
Operations Manager
Summons and Subpoenas Department